PER CURIAM.
D.N.S. pleaded no contest to violating the City of Tampa’s juvenile curfew ordinance, reserving her right to appeal the denial of her dispositive motion to dismiss on the ground that the ordinance is unconstitutional. We affirm on the authority of our recent decisions in J.P. v. State, 775 So.2d 324 (Fla. 2d DCA 2000), involving the Tampa ordinance at issue in this case, and State v. T.M., 761 So.2d 1140 (Fla. 2d DCA 2000), involving a similar ordinance enacted by the City of Pinellas Park. We certify the following questions of great public importance:
AT WHAT LEVEL OF SCRUTINY MUST A COURT EXAMINE THE CONSTITUTIONALITY OF A JUVENILE CURFEW ORDINANCE?
IS THE TAMPA JUVENILE CURFEW ORDINANCE CONSTITUTIONAL?
Affirmed.
SALCINES, J., Concurs.
BLUE, A.C.J., Concurs specially.
NORTHCUTT, J., Dissents with opinion.